UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DELORES L. WILLIAMS | CIVIL ACTION NO. 13-567 |
| VERSUS | JUDGE JOHN W. DEGRAVELLES |
| CLEGG'S NURSERY, LLC, AND THEIR INSURER, ABC INSURANCE COMPANY | MAGISTRATE JUDGE STEPHEN C. RIEDLINGER |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes defendant, Clegg's Nursery, LLC ("Clegg's"), and pursuant to the provisions of Rule 56 of the Federal Rules of Civil Procedure, moves for summary judgment, there being no genuine issue of material fact and Clegg's being entitled to judgment as a matter of law. In support of this motion, Clegg's states as follows:

1.

As more fully set forth in Clegg's supporting memorandum, plaintiff's claims of age and race discrimination concerning the alleged reduction of her work hours are procedurally barred and substantively insupportable. Plaintiff failed to raise this issue in the charge she filed with the Equal Employment Opportunity Commission ("EEOC"), and the law is well-settled that a plaintiff's failure to assert a claim in her administrative charge precludes her from pursuing such claims in court. *See Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995). Moreover, plaintiff admitted that the hours of all employees were reduced beginning in June 2010, and she was not singled out. Any claim that she was singled out for reduced hours for discriminatory reasons is untimely under both federal and state law. Plaintiff filed her EEOC charge in August 2012, more than two years after June 2010. Therefore, her federal claims are barred because she failed to file her charge of discrimination with the EEOC within 300 days after the alleged act of

discrimination. 28 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d); *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 384 (5th Cir. 2002). She filed this lawsuit in August 2013, more than three years after this alleged act of discrimination. Therefore, plaintiff's discrimination claims under the Louisiana Employment Discrimination Law ("LEDL") are untimely under La. R.S. 23:303(D) (establishing 1 year prescriptive period, subject to maximum 6 months suspension during administrative proceeding).

2.

As set forth more fully in Clegg's supporting memorandum, plaintiff's claims of age and race discrimination in connection with her termination fail because she can neither prove the fourth essential element of her *prima facie* case nor can she prove that Clegg's legitimate non-discriminatory reason for terminating her employment is a pretext for discrimination. To prove the fourth essential element of her *prima facie* case, plaintiff must offer competent evidence giving rise to an inference of discrimination because of her race or age. She has none. Indeed, she admitted in her deposition that both black and older employees (as opposed to white and/or younger employees) were treated more favorably than plaintiff, thus negating any inference that her race or age was the reason she was terminated. More importantly, plaintiff admitted that she was frequently late for work, that she had confrontations with other employees, and that she made comments regarding the death of her supervisor's young son, which offended her supervisor. She also testified that even she believes she was terminated for a reason that has nothing whatsoever to do with her age or race. For these reasons, the undisputed evidence precludes plaintiff from meeting her *prima facie* case and her ultimate burden of proving age or race discrimination in connection with the termination of her employment.

3.

As set forth more fully in Clegg's supporting memorandum, plaintiff's claims of age and race-based harassment fail because she cannot prove the third essential element of her claim. Specifically, plaintiff bases her claim on isolated comments, which were allegedly made sporadically over numerous years. However, such sporadic and isolated comments, even if made, were not "sufficiently severe or pervasive to effect a term, condition or privilege of employment," the fourth essential element of her claim of harassment. *See Weller v. Citation Oil and Gas Corp.*, 84 F.3d 191, 194-95 (5th Cir. 1996).

4.

Submitted with this motion are the following summary judgment exhibits:

    Exhibit A – Declaration of Scott Ricca;

    Exhibit B – Declaration of Rita Farris;

    Exhibit C – Relevant excerpts from plaintiff's deposition; and

    Exhibit D – Affidavit of Thomas Kiggans.

Citations to plaintiff's deposition will be "Williams at __" or "Williams Exh. __." Citations to the sworn declarations or affidavit will be by the witness's name and paragraph number (*e.g.* "Ricca Decl. ¶ __").

WHEREFORE, Clegg's respectfully requests that this Court grant its motion and enter judgment in its favor, dismissing plaintiff's claims with prejudice.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   /s/ Jessica C. Huffman
      Thomas H. Kiggans, Bar Roll No. 14422
      Jessica C. Huffman, Bar Roll No. 30445
      II City Plaza • 400 Convention Street • Suite 1100
      Baton Rouge, Louisiana 70810
      Telephone: (225) 346-0285
      Telecopier: (225) 381-9197
      Email: kigganst@phelps.com
            huffmanj@phelps.com

ATTORNEYS FOR DEFENDANT, CLEGG'S NURSERY, LLC

## CERTIFICATE OF SERVICE

I do hereby certify that on December 7, 2015, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CMECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

    /s/ Jessica C. Huffman